CHARLES J. SCHUCK, Judge.
Claimants maintain that by reason of the construction of a bridge or viaduct over and upon their farm or property, located in Wirt county, West Virginia, their land and house were flooded by what the testimony shows to have been an unusual cloudburst. They claim damages in the amount of approximately $1500.00, and accordingly ask an award at the hands of this court. A further question was also presented, namely, the matter of the construction of a certain pipe that took care of the water flowing from a small spring or stream on the adjacent hillside, the claimants maintaining that this pipe was so constructed that it failed to carry off the water from the said spring, and consequently caused a marsh or swampy condition which lessened the value of the land.
At the time that this improvement was contemplated the state road commission obained a deed, dated June 1, 1940, for *204 the right-of-way across the lands of claimants, and which deed contained the following closing paragraph:
"The said parly of the first part, in consideration of the benefits received and to be received by reason of the construction or improvement of said road, hereby waives all claim for damage to residue of property growing out of such construction or improvement.”
The claimant I:mma Quick maintains that she never had this part of the deed read to her, yet she signed the same and acknowledged it, and the deed had been read to her by a neighbor as well as by one of the road agents. While this provision might well prevent any recovery for damages and would perhaps under ordinary conditions be conclusive, yet we have nevertheless given consideration to all the testimony as presented. On their own initiative the members of the court took a view of the premises in order to fully acquaint themselves with the conditions prevailing, and that justice might be done as between the claimants and respondent.
The testimony of the road commission's engineer is. to the effect that the bridge complained of had been built in accordance with the scientific formulae of the United States Geodetic Survey, and the outlet under the bridge for the passage of water even made larger than required by the said surveys. The testimony further shows that (he property in question was as a whole assessed at $550.00, and the testimony of a neighbor was to the efface that in his judgment, the whole property was at no time worth more than $600.00. The view heretofore referred to and made by the court sustained this testimony as to values. There is but comparatively little bottom land probably several acres, which would have any value, the remaining part of the farm being hilly and mountainous.
As heretofore referred to, complaint was also made that the drainpipe carrying the stream from the hillside was not properly constructed, but an examination shows that the drain in question was one over which the respondent had no control, being entirely on claimants’-property, except where it came to the con *205 struction of the new road and that no damage could possibly have been caused by this construction and if there was, it must have been occasioned by claimants’ lack of care in draining and cleaning the spring or stream in question. We are persuaded that the new road improves the property rather than lessens its value, and that consequently there was no such injury by reason of this unusual rainfall as would entitle claimants to an award. The house in question was of very cheap construction and could not possibly have been damaged to the extent claimants allege. All in all, we are of the opinion that the property has been benefitted rather than damaged and an award is denied.